IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

GLORIA R. SHACKLEFORD,                    §
                                          §
                    *Plaintiff,*          §          SA-24-CV-01406-FB
                                          §
vs.                                       §
                                          §
OFFICE OF PERSONNEL                       §
MANAGEMENT,                               §
                                          §
                    *Defendant.*          §
                                          §
                                          §

### ORDER TRANSFERRING CASE

Before the Court is the above-styled cause of action. All pretrial matters in this case have been referred to the undersigned for disposition pursuant to Western District of Texas Local Rule CV-72 and Appendix C [#6]. The undersigned has authority to enter this non-dispositive order pursuant to 28 U.S.C. § 636(b)(1)(A). For the reasons set forth below, the Court will transfer this case to the Dallas Division of the Northern District of Texas, which is a proper venue. Neither party objects to the transfer.

### I.    Background

This is a mixed case appeal from a final order from the Merit System Protection Board ("MSPB"). Plaintiff worked at a federal correctional institution in Three Rivers, Texas for approximately ten years. She alleges that she was harassed and retaliated against to the point of her being hospitalized; Plaintiff states that she filed a formal EEO charge related to these incidents. After her employment ended, she applied to the regional office of the Bureau of Prisons ("BOP")—located in Grand Prairie, Texas—for disability benefits. Her application was denied by the Office of Personnel Management ("OPM"), which has a regional office in Dallas,

1

Texas. She requested reconsideration of OPM's initial decision; OPM thereafter affirmed its decision.

Plaintiff appealed OPM's denial of disability retirement to the Merit System Protection Board (MSPB). She alleged to the MSPB that OPM's denial was due to discrimination[1] and retaliation for prior EEO activity. The MSPB rejected these arguments and affirmed OPM's reconsideration decision. Plaintiff subsequently appealed to the U.S. Court of Appeals for the Federal Circuit. The Court of Appeals transferred this case to the Western District of Texas, stating that it does not have jurisdiction to review MSPB decisions involving a claim of discrimination and claiming that Plaintiff's employment records may be maintained in this District. The Federal Circuit was mistaken, as the BOP facility in Three Rivers, Texas is located in the Southern, not Western District of Texas.

Due to its concern that venue was not proper in this District, the Court held a status conference on April 14, 2025, at which Plaintiff, proceeding *pro se*, appeared. Because the local U.S. Attorney's Office was not properly notified about this case upon its transfer from the Federal Circuit, the Government failed to appear. The Court therefore reset the status conference, ordered the Government to file an advisory regarding its position on transferring this case, and ordered that a copy of the order be sent to the local U.S. Attorney's Office.

On April 28, 2025, the Government filed an advisory agreeing that the case should be transferred to either the Northern District (where Plaintiff's disability application was denied) or Southern District of Texas (where Plaintiff worked for BOP). On April 29, 2025, counsel for the Government and Plaintiff, proceeding *pro se*, appeared at the reset status conference. Both

---

[1] Plaintiff alleges discrimination based on color, race, national origin, religion, and disability.

parties agreed at the status conference that the case should be transferred to the Dallas Division of the Northern District of Texas.

## II.   <u>Analysis</u>

A district court may raise the issue of venue *sua sponte*. *Mills v. Beech Aircraft Corp.*, 886 F.2d 758, 761 (5th Cir. 1989). If a civil action is filed in an improper venue, the district court may dismiss the action or, if it is in the interests of justice, transfer the case to any district or division in which it could have been brought. 28 U.S.C. § 1406(a).

A civil action may be brought in (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located, or (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred or a substantial part of property that is the subject of the action is situated. 28 U.S.C. § 1391(b). If there is no district in which an action may otherwise be brought as provided by the statute, venue is proper in any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action. *Id.* § 1391(b)(3).

The Court finds, and the parties each agree, that this case does not have any connection to the Western District of Texas. Venue is therefore not proper in this Court under any provision of 28 U.S.C. § 1391(b). Thus, this Court must either dismiss Plaintiff's suit or transfer it to a judicial district in which venue is proper pursuant to 28 U.S.C. § 1406(a). Section 1406(a) "is amply broad enough to authorize the transfer of cases, however wrong the plaintiff may have been in filing his case as to venue, whether the court in which it was filed had personal jurisdiction over the defendants or not." *Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 466 (1962). Thus, when it is in the interests of justice, Section 1406(a) allows that "the complaint not be

dismissed but rather that it be transferred in order that the plaintiff not be penalized by . . . time consuming and justice-defeating technicalities." *Id.* at 467 (internal quotations omitted).

Plaintiff does not live in the Western District of Texas or have any connection to this District. According to Plaintiff, the decisions regarding her application for disability benefits—which she seeks to challenge in the instant case—were made in Grand Prairie, Texas or Dallas, Texas, where the BOP and Office of Personnel Management have regional offices. Both offices are located within the Dallas Division of the Northern District of Texas. Plaintiff and the Government have agreed that this case should be transferred there.

This case also involves disability discrimination claims against her employer, the BOP. Plaintiff worked at the BOP location in Three Rivers, Texas, which is within the Southern District of Texas. It is therefore possible that the Southern District of Texas would also be a proper venue for this lawsuit. However, it is unclear whether Plaintiff's employment discrimination claims are timely and have been properly exhausted, so the Northern District of Texas is a more appropriate venue than the Southern District of Texas.

It is in the interests of justice to transfer this case rather than dismiss it. As agreed by both parties, the Court will transfer this case to the Dallas Division of the Northern District of Texas.

**IT IS THEREFORE ORDERED** that this case be **TRANSFERRED** to the Dallas Division of the Northern District of Texas.

**IT IS SO ORDERED.**

SIGNED this 30th day of April, 2025.

ELIZABETH S. ("BETSY") CHESTNEY
UNITED STATES MAGISTRATE JUDGE

4